IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:13-CR-00013-JCB |
| COLBY HEATH PRUITT (3) | § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On December 11, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 50 Grams but Less than 500 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine (Count 1), a Class B felony, and Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime (Count 5), a Class A felony, Defendant Colby Heath Pruitt was sentenced on March 24, 2014 by United States District Judge Leonard Davis. The statutory maximum imprisonment term for Count 1 was 40 years and the statutory maximum imprisonment term for Count 5 was life. The guideline imprisonment range for Count 1, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months, and the guideline imprisonment range for Count 5 was 60 months Defendant was sentenced to imprisonment for a term of 132 months followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include

1

financial disclosure and drug aftercare.  The term of imprisonment consisted of 72 months on Count 1 and 60 months on Count 5, to run consecutively.  The term of supervised release included 5 years on each count, to run concurrently.  Defendant completed his term of imprisonment and started his term of supervised release on November 10, 2022.  The case was reassigned to United States District Judge J. Campbell Barker on July 24, 2023.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 22, 2023, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition #7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on March 2, March 20, March 30, April 11, and June 1, 2023.  It is also alleged that Defendant submitted a urine specimen on April 27, 2023 that tested positive for methamphetamine and marijuana.

2. **Allegation 2 (special condition):  The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as he is released from the program by the probation officer.** It is alleged that Defendant failed to attend substance abuse counseling as directed on March 31, April 18, and May 20, 2023.

3. **Allegation 3 (special condition):  The defendant must reside in a Residential Reentry Center or similar facility, in a community corrections component, for a period of 180 days to commence immediately.  The defendant must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.** It is alleged that Defendant was unsuccessfully discharged from the residential reentry center on July 20, 2023.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class B and Class A felonies. Accordingly, the maximum imprisonment sentence that may be imposed for the Class B felony is 3 years of imprisonment and the maximum imprisonment sentence that may be imposed for the Class A felony is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline range of imprisonment is 18 to 24 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine and marijuana, possessing marijuana, failing to attend substance abuse counseling and being unsuccessfully discharged from the residential reentry center as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide a guideline imprisonment range for a Grade C violation of 7 to 13 months.

### *Hearing*

On December 11, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 15 months with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Terre Haute.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 15 months with no further supervised release. Although the sentence is below the applicable guideline range, it represents an appropriate disposition in consideration of all relevant circumstances. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a term of imprisonment of 15 months with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Terre Haute.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to a term of imprisonment of 15 months with no further supervised release.

So ORDERED and SIGNED this 11th day of December, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE